ORIGINAL

FILED
MAR 27 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TAKAHO ESTATES, LLC, a Florida
Limited Liability Company,

Plaintiff,

vs.

CASE NO. 08-212 L

THE UNITED STATES,

Defendant.

_______________________________/

## COMPLAINT

Plaintiff, TAKAHO ESTATES, LLC hereby sues Defendant, THE UNITED STATES, and states:

### Jurisdictional Allegations

1. This is an action to recover just compensation, arising under the Fifth Amendment to the Constitution of the United States, for the physical taking of Plaintiff's private real property by the United States of America ("United States"). Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1491(a)(1).

2. Plaintiff, Takaho Estates, LLC ("Takaho") is a Florida limited liability

company and the owner of an approximately 994 acre tract of land located in Indian River County, Florida, more particularly described in the deeds attached hereto as composite "Exhibit A" (hereafter "subject property").

3. As more specifically set out below, Plaintiff alleges that the United States, acting through its Department of Transportation, Federal Aviation Administration, has physically occupied a portion of the subject property by placement of a Very High Frequency Omnidirectional Range Tactical Air Navigation (VORTAC) Facility for the public purpose of air traffic control. A sketch showing the location of the subject VORTAC facility on the Takaho property is attached hereto as "Exhibit B."

**General Allegations**

4. The United States, acting through its Department of Transportation, Federal Aviation Administration ("FAA"), constructed a VORTAC facility on the subject property encompassing an area of approximately 2.36 acres. A VORTAC facility features a large, elevated, unsightly metal tower and ancillary structures utilized for aircraft guidance.

5. In 1989, the FAA entered into a lease agreement ("VORTAC lease") with the then-owner of the subject property, Gargrove Inc, covering both the 2.36

acre VORTAC facility itself, an access easement, and a 1,000 foot radius clear zone (prohibiting trees, buildings or other obstructions exceeding 30 feet within 1,000 feet of the VORTAC transmitter building.) A legal description of the 2.36 acre VORTAC facility and the 1,000-ft "clear zone" (which encompasses approximately 72 acres) is attached as "Exhibit C," attached hereto.

6. The lease was renewable by the Government from year to year, except that renewals were prohibited beyond September 30, 2004.

7. By September, 2003, Gargrove Inc. had sold its 994 acre property subject to the 1989 lease. On September 9, 2003, the then-owner contracted to sell the 994 property to Bedner Brothers Farm Inc.. The September 9, 2003 sale contract was ultimately assigned to Takaho on July 7, 2004, at which time Takaho, as contract vendee, became the beneficial owner of the property under Florida law. (Takaho closed on the assigned contract and took formal title to the 994 acre property on or about January 3, 2005.)

8. Meanwhile, on September 30, 2004, the VORTAC lease terminated by its own terms.

9. Since the date of termination, the FAA has alternatively proposed terms for

a new lease or purchase of the VORTAC facility and related air rights in the clear zone (which could now extend up to approximately 90 acres). The terms proposed have been unreasonable and therefore unacceptable to Takaho.

10. In 2005, the FAA represented to Takaho that it plans to replace VORTAC facilities with Global Positioning Satellite ("GPS") technology, but that it expected the requirement for the subject facility will endure until the year 2015. In 2006, the FAA represented that it may need to permanently maintain this VORTAC facility as part of a backup system to any GPS system. Additionally, since termination of the 1989 lease, the FAA has failed to specify (despite repeated requests by Takaho) the contours of the air rights it would require and the corresponding property rights that would remain with Takaho, within the clear zone.

11. Notwithstanding termination of the 1989 lease, the FAA has continued to occupy the Takaho property for operations the VORTAC facility, to date without payment of any compensation.

12. The location of the VORTAC facility and accompanying clear zone restriction has severely impacted Takaho's ability to develop the property.

## Count I - Permanent Taking

13. Takaho re-alleges paragraphs 1 through 12 as though fully set forth herein.

14. The FAA's physical occupancy of the VORTAC facility constitutes a permanent physical invasion, amounting to a fee taking, of the approximate 2.36 acre site within the Takaho property, described in Exhibit C.

15. Inherent in the FAA's occupancy and operation of the VORTAC facility is the physical occupation of Takaho's air rights within the necessary clear zone area, as same is continually required for the safety of the traveling public. Also inherent in FAA's VORTAC operations is the need for access to the facility. Accordingly, FAA has also permanently taken the access and avigation easements necessary to the operation of the VORTAC facility.

WHEREFORE, Plaintiff Takaho respectfully demands that this Court:

A. Find that the United States has permanently taken a portion of Plaintiff's property for a public purpose without just compensation in violation of the Fifth Amendment to the United States Constitution; and

B. Determine the amount of just compensation due Plaintiff for the unconstitutional taking of its property, including but not limited to,

severance and special damages resulting from the taking of the referenced land and easements; and

C. Tax the costs and attorneys fees incurred by Plaintiff in bringing this action against the United States, pursuant to 42 U.S.C. 4654; and

D. Grant whatever other relief the Court deems proper.

**Count II - Temporary Taking**

16. Takaho re-alleges paragraphs 1 through 12 as though fully set forth herein.

17. The FAA's present physical occupancy of the VORTAC facility and stated need for same through the year 2015, constitute a physical taking of a leasehold in the VORTAC facility grounds, the surrounding clear zone inherently necessary for the safety of the traveling public, and the area inherently necessary for FAA's access to and from the facility.

WHEREFORE, Plaintiff Takaho respectfully demands that this Court:

A. Find that the United States has temporarily taken a leasehold, through year 2015, in a portion of Plaintiff's property for a public purpose without just compensation in violation of the Fifth Amendment to the United States Constitution; and

B. Determine the amount of just compensation due Plaintiff for the

unconstitutional taking of said leasehold interest in Plaintiff's property, including but not limited to, the fair rental value of the leasehold and special damages;

C. Tax the costs and attorneys fees incurred by Plaintiff in bringing this action against the United States, pursuant to 42 U.S.C. 4654; and

D. Grant whatever other relief the Court deems proper.

**Respectfully Submitted,**

Brigham Moore, LLP.
John W. Little, III, P.A.
Amy Brigham Boulris, Esquire
Counsel for Plaintiff
One Clearlake Centre, Suite 1601
250 South Australian Avenue
West Palm Beach, Florida 33401
Telephone: (561)832-7862
Facsimile: (561)832-7860

By: ______________________
Amy Brigham Boulris
Fla. Bar No. 772836

1605736 RECORDED IN THE RECORDS OF JEFFREY K BARTON, CLERK CIRCUIT COURT INDIAN RIVER CO FL, BK: 1820 PG: 1791, 01/05/2005 11:12 AM DOC STAMPS D $14454.30

Prepared by and return to:
John Fenn Foster, Esq.
7108 Fairway Drive
Suite 200
Palm Beach Gardens, FL 33418
561-799-6797
File Number: Carta-Bedner
Parcel Identification Number: 32-38-25-00000-1000-00001/0

[Space Above This Line For Recording Data]

# Warranty Deed

**This Warranty Deed** made this 3rd day of January, 2005, between **Vivian C. Sanchez**, a married woman, f/k/a Vivian Maria Carta; **Maria C. Brown**, a single woman, a/k/a Maria Teresa C. Brown and f/k/a Maria Teresa Carta; and **Alina M. Carta**, a single person, a/k/a Alina Maria Carta, whose post office address is 13334 Polo Club Road, Unit 339, Wellington, FL 33414, grantor, and **Takaho Estates, LLC.**, a Florida Limited Liability Company, whose post office address is 15340 Jog Road, Suite 200, Delray, FL 33446, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Indian River County, Florida** to-wit:

> **The South ½ of the North ¼ of Section 25, Township 32 South, Range 38 East, Indian River County, Florida.**
>
> **Less and except all prior conveyances to Sebastian Drainage District or the County of Indian River for canal road and highway purposes.**

Subject to taxes subsequent to 2004; restrictions, reservations, easements, leases and other matters of record; and subject to the unrecorded Pasture Lease and Citrus Grove Lease between Grantor and Greene Citrus Management, Inc., executed in May of 2002.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

DoubleTime®

COPY

**EXHIBIT "A"**

BK: 1920 PG: 1792

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witnesses as to all grantors:

John Fenn Foster
Printed Name

Lisa Bogatin
Printed Name

Vivian C. Sanchez

Maria C. Brown

Alina M. Carta

State of Florida
County of Palm Beach

The foregoing instrument was acknowledged before me this 3rd day of January, 2005, by Vivian C. Sanchez, Maria C. Brown, Alina M. Carta, who [X] are personally known to me or [ ] have produced a Driver's License as identification.

[Notary Seal]

Notary Public

John Fenn Foster
Commission # DD309841
Expires April 22, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

COPY

COPY



DoubleTime®

1605737 RECORDED IN THE RECORDS OF JEFFREY K BARTON, CLERK CIRCUIT COURT INDIAN RIVER CO FL, BK: 1820 PG: 1793, 01/05/2005 11:12 AM DOC STAMPS D $9636.20

Prepared by and return to:
John Fenn Foster, Esq.
7108 Fairway Drive
Suite 200
Palm Beach Gardens, FL 33418
561-799-6797
File Number: Carta-Bedner
Parcel Identification Number: 32-38-24-00000-1000-00002/0

[Space Above This Line For Recording Data]

# Warranty Deed

**This Warranty Deed** made this 3rd day of January, 2005, between **Maria Teresa C. Brown, individually, and as natural and legal guardian for Olivia R. Brown, Luisa M. Brown and Veronica T. Brown,** whose post office address is 13334 Polo Club Road, Unit 339, Wellington, FL 33414, grantor, and **Takaho Estates, LLC, a** Florida Limited Liability Company, whose post office address is 15340 Jog Road, Suite 200, Delray, FL 33446, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Indian River County, Florida** to-wit:

> **The South 1325.5 feet of the North 1988 feet of Section 24, Township 32 South, Range 38 East, Indian River County, Florida.**
>
> **Less and except all prior conveyances to Sebastian Drainage District or the County of Indian River for canal road and highway purposes.**

Subject to taxes subsequent to 2004; restrictions, reservations, easements, leases and other matters of record; and subject to the unrecorded Pasture Lease and Citrus Grove Lease between Grantor and Greene Citrus Management, Inc., executed in May of 2002.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.



COPY
COPY

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witnesses:

John Fenn Foster
Printed Name

Lisa Brantin
Printed Name

Maria Teresa C. Brown, as natural and legal guardian for Olivia R. Brown, Luisa M. Brown and Veronica T. Brown

State of Florida
County of Palm Beach

The foregoing instrument was acknowledged before me this 3rd day of January, 2005, by Maria Teresa C. Brown, as natural and legal guardian for Olivia R. Brown, Luisa M. Brown, and Veronica T. Brown, who [X] is personally known to me or [ ] has produced a Driver's License as identification.

[Notary Seal]

Notary Public

John Fenn Foster
Commission # DD309841
Expires April 22, 2008
Bonded Thru Fain - Insurance, Inc. 800-385-7019

COPY

1605735 RECORDED IN THE RECORDS OF JEFFREY K BARTON, CLERK CIRCUIT COURT INDIAN RIVER CO FL, BK: 1820 PG: 1789, 01/05/2005 11:12 AM DOC STAMPS D $38543.40

Prepared by and return to:
John Fenn Foster, Esq.
Foster & Fuchs, P.A.
7108 Fairway Drive
Suite 200
Palm Beach Gardens, FL 33418
561-799-6797
File Number: Carta-Bedner
Parcel Identification Number: 32-38-24-00000-1000-00003/0

[Space Above This Line For Recording Data]

# Warranty Deed

**This Warranty Deed** made this 3rd day of January, 2005, between **Vivian L. Carta** a single woman, whose post office address is 13334 Polo Club Road, Unit 339, Wellington, FL 33414, grantor, and **Takaho Estates, LLC** a Florida Limited Liability Company, whose post office address is 15340 Jog Road, Suite 200, Delray, FL 33446 grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Indian River County, Florida** to-wit:

> **Section 24, Township 32 South, Range 38 East less the North 1,988 feet thereof and the North 1/2 of the North 3/4 of Section 25, Township 32 South, Range 38 East, Indian River County, Florida.**
>
> **Less and except all prior conveyances to Sebastian Drainage District or the County of Indian River for canal road and highway purposes.**

Subject to taxes subsequent to 2004; restrictions, reservations, easements, leases and other matters of record; and subject to the unrecorded Pasture Lease and Citrus Grove Lease between Grantor and Greene Citrus Management, Inc., executed in May of 2002.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

COPY

Signed, sealed and delivered in our presence:

Witness Name:

Witness Name: Lisa Bogadi

Vivian L. Carta

State of Florida
County of Palm Beach

The foregoing instrument was acknowledged before me this 3rd day of January, 2008, by Vivian L. Carta. She [X] is personally known to me or [ ] has produced a Driver's License as identification.

[Notary Seal]

Notary Public

John Fenn Foster
Commission # DD309841
Expires April 22, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

COPY





COPY


REVISION
DATE
TAKAHO ESTATES, LLC
5360 W. ATLANTIC AVENUE
DELRAY BEACH, FL 33484
CARTER ASSOCIATES, INC.
CONSULTING ENGINEERS AND LAND SURVEYORS
1708 21st STREET, VERO BEACH, FL 32960
PHONE: 772-562-4191 FAX: 772-562-7180
CAI Serving Florida Since 1911
© 2002 by CAI
PRELIMINARY PLAT
SEC 24 & 25, TWP 32S, RNG 38E
TAKAHO ESTATES
OVER ALL SITE - 19 LOTS
SHEET
C-1

EXHIBIT "B"

# DESCRIPTION OF VORTAC FACILITY AND 1,000 FOOT "CLEAR ZONE"

A parcel of land located in the SW 1/4 of Section 24, Township 32 South, Range 38 East, Indian River County, Florida; and being more fully described as follows:

From the NE corner of the SW 1/4 of said Section 24, T 32 S, R 38 E, go S 62°42' E, 477.71 feet to the NW corner of the plot, said point being the Point of Beginning; thence S 200 feet to a point; thence E 200 feet to a point; thence N 200 feet to a point; thence W 82 feet to a point; thence N 178 feet to a point; thence N 87°54' W, 1491 feet to a point; thence S 42°08' W, 303 feet to a point; thence N 85°57' W, 90 feet to the East right-of- way line of a county road; thence S 30 feet to a point; thence S 85°57' E, 107 feet to a point; thence N 42°08' E, 303 feet to a point; thence S 87°54' E, 1446 feet to a point; thence S 148 feet to a point; thence W 88 feet to the Point of Beginning, and containing 2.36 acres, more or less.

A parcel of land situate in Section 24, Township 32 South, Range 38 East, Indian River County, Florida. Said parcel being all that land encompassed by a circular curve, having a radius of 1,000 feet located at the following described point:

Commence at the southwest corner of Section 24, Township 32 South, Range 38 East, Indian River County, Florida, thence run North 00°39' 32" East, along the West line of said section, a distance of 1210.00 feet; thence run South 88°02' 42" East, a distance of 100.03 feet to the purported East Right-of-Way of Ranch Road (State Road #609), 200.00' ROW); Thence run North 00°39' 32" East, a distance of 30.00 feet to a point, thence run South 88°02' 42" East, a distance of 151.57 feet to a point; thence run North 57°32' 37" East, a distance of 143.77 feet to a point; thence run South 88°51' 23" East, a distance of 1475.25 feet to a point; thence run South 00°17' 58" East, a distance of 175.47 feet to a point; thence run South 00°09' 29" West, a distance of 101.09' to said radius point of the 1,000 foot circle intended to be described and the terminus of this description.

The above described parcel contains 3,141,592.65 Square Feet or 72.121 Acres more or less.

**EXHIBIT "C"**